

# In the United States Court of Federal Claims

No. 16-403C
(Filed: April 20, 2016)
NOT FOR PUBLICATION

**FILED**
APR 20 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| TAQUAN RANSHE GULLETT-EL, ) ) *Pro Se* Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) | Pro Se; Sua Sponte Dismissal; Lack of Subject Matter Jurisdiction. |

### ORDER OF DISMISSAL

The court is in receipt of the complaint filed on March 24, 2016,[1] and the motion for a temporary restraining order and preliminary injunction filed on March 30, 2016, by pro se plaintiff Taquan Rahshe Gullett-El.[2] Plaintiff asks this court to review the dismissal of a civil case he filed in the United States District Court for the Middle District of Florida in which he sought to enjoin his pending federal criminal prosecution. He also seeks to transfer the district court action, which was dismissed, to this court pursuant to 28 U.S.C. § 1292.

---

[1] Because the only proper defendant for any matter before this court is the United States, the court has construed the claims against the district court, the U.S. Attorney's Office, the public defender's office, and others as claims against the United States ("the government").

[2] The government filed an opposition to plaintiff's motion for a temporary restraining order and preliminary injunction on April 18, 2016, and indicated that it intended to file a motion to dismiss for lack of subject matter jurisdiction by May 23, 2016. Because, for the reasons stated in this order, the court has determined on its own accord that it lacks jurisdiction, plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED** as moot and the government need not file a motion to dismiss the complaint.

Plaintiffs have the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See, e.g., Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). Although pro se plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claim. See Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted). Under Rule 12(h)(3) of the Rules of the Court of Federal Claims, the court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."

The court finds that it lacks jurisdiction over the complaint for three reasons. First, this court "has no jurisdiction to review the merits of a decision rendered by a federal district court." Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (citations omitted). Plaintiff expressly asks this court to review the actions of the district court. Therefore, the court does not have jurisdiction to hear these claims.[3]

Second, the Tucker Act grants this court jurisdiction over claims against the government that are founded on the Constitution, laws, treaties, or contracts of the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not create substantive rights; it only waives sovereign immunity for claims premised on other sources of law, such as statutes or contracts, that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983)). Plaintiff's reference to his right under the First Amendment to petition the government for a redress of grievances is not a sufficient basis for this court to exercise jurisdiction because the First Amendment's petition clause does not mandate the payment of money by the government for violations. May v. United States, 534 F. App'x 930, 933 (Fed. Cir. 2013) (per curiam) (citing United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983)).

Finally, plaintiff states that the underlying district court action involved civil rights claims and claims arising under 42 U.S.C. § 1983. However, the Federal Circuit has explained that this court lacks jurisdiction to hear civil rights claims and claims arising under 42 U.S.C. § 1983 because the federal district courts possess exclusive jurisdiction

---

[3] Similarly, this court "lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." Judd v. United States, No. 15-586C, 2015 WL 6684540, at *1 (Fed. Cl. Oct. 30, 2015) (quoting Beadles v. United States, 115 Fed. Cl. 242, 245 (2014)). This court is also without power to entertain a petition for a writ of habeas corpus. See Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002).

2

over such matters. <u>Conner v. United States</u>, No. 2015-5107, 2016 WL 125289, at *2 (Fed. Cir. Jan. 12, 2016) (per curiam) (citing 28 U.S.C. § 1343(a)).

Therefore, because this court lacks jurisdiction, plaintiff's complaint is **DISMISSED**.[4] Plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED** as moot. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[4] Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. Plaintiff's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of filing the complaint.